MR. JUSTICE ERICKSON
dissenting:
I respectfully dissent. The defendant- was accused of pointing a revolver at a policeman. Both the defendant and two other policemen at the *566 scene knew that the gun was unloaded. Not only were there no bullets in the revolver, but there were none on the premises. The revolver was not flourished in the manner of a bludgeon or club. For this conduct, defendant was convicted of flourishing a deadly weapon.
The jury should have been instructed that a deadly weapon must be capable of producing death or serious bodily injury. See section 18-1-901, C.R.S. 1973 (1978 Repl. Vol. 8); see also Armijo v. People, 134 Colo. 344, 304 P.2d 633 (1956). All pistols, revolvers, and rifles are not deadly weapons. Some are inoperable or incapable of firing. Toy plastic or rubber pistols, imitation firearms, and water guns clearly fall within the imprecise definition in the ordinance. Such lack of precision in an ordinance is impermissible. Cantwell v. Connecticut, 310 U.S. 296, 60 S.Ct. 900, 84 L.Ed. 1213 (1940). To convict a defendant under such a vague statute is fundamentally unfair.
How a jury can convict a person of flourishing a “deadly” weapon which is not capable of causing bodily harm or death is beyond my comprehension. See People v. Washburn, 197 Colo. 419, 593 P.2d 962 (1979).
MR. JUSTICE CARRIGAN joins me in this dissent.